Mr. Justice James
delivered the opinion of the Court:
The plaintiff sues in his representative character, which he states in these words: “The plaintiff, Edward C. Jordan, Jr., administrator of Edward C. Jordan, deceased, sues the defendants,” etc.
The defendants demurred on the ground that this was *190 merely a descriptio persones, and was not a proper averment of his character.
Rule 129 provides that: “The special character in which the plaintiff sues shall not be considered to be in issue or necessary to be proved, unless by specific plea under oath as to the truth thereof, the same be denied.”'
We are of opinion that the character of the administrator is sufficiently stated as the character in which he sues. It was not necessary that he should state by what court he was appointed administrator; and we think that the objection that he may be an administrator appointed in Virginia could not even be taken, because, non constat, that the deceased had not assets here. At all events, his character is sufficiently stated.
The ground of the demurrer, therefore, is not sound.
Another objection, however, is made. The defendant demurred, not in form, but to his demurrer being heard when it was heard. He did not propose to have his case come to issue any sooner than it must. He refers to Sec. 802 of the Revised Statutes as forbidding the consideration of an issue of law, without giving ten days’ notice by having it put on the calendar, before the case could be called at all. We have a rule that demurrers may be heard at any time on five days’ notice. That rule, counsel have argued, is invalid, unless it be construed in this way, that first, the case must be noted for trial on the trial calendar ten days before it is called, and then after that it may be called up. and still further hastened by a notice that it will be heard within five days.
It was held in the case of Knoedler vs. Meloy, 2 MacArthur, 240, that such was the proper construction of. the statute. Mr. Justice MacArthur, delivering the opinion of the court, said:
“ By’ reference to the statute, it is clear that issues of law are the subject of trial. The language of the act is, ‘ Issues of law may be tried at a circuit court or special term.’ And again, ‘ At any time after issue, and at least ten days before the sitting of the court, either party may give notice of trial.’
*191 “ It is also provided that a note of issue shall be furnished to the clerk in order to enter the cause upon the trial calendar, and this is plainly as applicable to issues of law as to issues of fact. By the express words of this section, therefore, an issue of law can only be tried upon a notice of ten days before the term, and having the cause regularly placed upon the calendar by the .clerk. This is in exact conformity to the practice prescribed in rules 42 to 47, inclusive, which were in force at that time. When there is an issue of fact as well as of law, one notice will be sufficient, and of course it will generally be expedient to have the demurrer disposed of first.' That a joinder in demurrer produces an issue of law cannot now be a matter of any doubt, and the practice in regard to noticing it for trial and entering it upon the calendar of the court where the cause is pending, must be the same as in cases in which there is an issue of fact. Rule 47, recently adopted, as far as it contravenes the statute in this respect, is inoperative and void.
“The record in this case shows that the plaintiff joined issue to the demurrer on the 12th of November, 1874, and gave a two days’ notice of argument. The cause had never been entered on the calendar. Upon this notice, and in the absence of the defendant, the plaintiff obtained the order of the court overruling the demurrer. We think the plaintiff could not proceed to argument or trial without having given notice at least ten days before the sitting of the court, as is required by the act of Congress; and the court ought to have set the order aside for this irregularity. The point is not of practical importance in this case, for the court below set the order aside, and allowed the defendant leave to plead as advised. The construction we have put on the statute and rules of court relate, however, to an important point in practice, which ought no longer to be left in uncertainty. We have, therefore, passed upon the point.”
It will be observed that the point was not material to the decision of that case. We have noted also that although it was made in the brief, it does not appear to have been fully *192 argued, or perhaps argued at all. For that reason we feel more at liberty to consider the propriety of the decision, inasmuch as we think that it was substantially obiter dictum. It was an attempt of the court to’ settle what they understood to be a troublesome point, a matter of some doubt to them, without being called upon necessarily to do so.
We are obliged to say that we differ from that decision. The language of the statute was, in section 7 — I should observe that I recur to the original statute, instead of the Revised Statutes:
“ Sec. 7. All issues of fact triable by a jury or by the court shall be tried before a single justice; when the trial is by jury, at a circuit court, and when the trial is without a jury, at circuit court or special term. Issues of law may be tried at a circuit court or special term. At any time after issue, and at least ten days before the sitting of the court, either party may give notice of trial. The party giving the notice shall furnish the clerk, at least four days before the sitting of the court, with a note of the issue, containing the title of the action, the names of the attorneys, and the time when the last pleading was served; and the clerk shall thereupon enter the cause upon a calendar, according to the date of the issue.”
It was observed by the court in the case to which I have referred that the language of the statute is that “Issues of law may be tried.” That is a correct enough expression; but the word “trial” is a technical word, and when it is provided that “ at any time after issue, and at least ten days before the sitting of the court, either party may give notice of trial,” we apprehend that that is applicable to what is-known as a “trial” technically. It is true that the word “ trial ” is applied to a question of law, but technically that is not a trial.
We take this sharp distinction because we conceive the-rule as interpreted to be mischievous. It is desirable that a demurrer shall be heard as early as possible; and it can hardly be supposed that it was the intention of the Legisla *193 ture to postpone an objection, that no action was stated in the pleading, any longer than it must be postponed. There is no object in requiring that that issue shall be laid aside until one or other of the parties shall give notice that it is to be heard. It prolongs proceedings, and such a construction of the intention of the Legislature should not be adopted unless it must be.
We find, then, that there is a want of that particularity in describing it as a trial which relieves us from the necessity of saying that this issue must be noticed ten days before the Sitting of the court.
We find that several unconnected subjects are mentioned in this section. The reviser separated them. I take pleasure in reminding the bar once more that although I was one of the commissioners to revise the statutes, I had nothing to do with this revision. Section 801 was, “All issues of fact triable by a jury or by the court shall be tried before a single justice.” Then in the next subject he grouped these: “Issues of law may be tried at a special term.” “At any time after issue and at least ten days before the sitting of the court, either party may give notice of trial.”
The effect of that mode of dividing the subjects was to group the latter as being on one subject while the provision in section 801 related to another subject. We find that several subjects not necessarily connected, were provided for in section 7 of the original statute; and as the Supreme Court has several times said, whenever there is any question of construction by reason of the collocation of subjects in the Revised Statutes, or arising from a change of language, we have the right to go back to the original statutes to ascertain the proper construction.
We find, in this way, that there is no manifest intention to make them all parts of one matter. We are of opinion the rule which authorized the bringing on of a demurrer on 3 five days’ notice is not invalid.
I might remark that in thus overruling the former decision, we are supported by an opinion of the whole court, *194 pronounced by the vety making of this present rule. They felt at liberty to make it, and we conceive that although the judges were not sitting in court, it is a strong expression of opinion on which we have the right to rely.
Mr. Justice Hagner :
I want to say a word in reference to this important matter, as there seems to have existed a substantial doubt as to what should be the proper practice. If that which the plaintiff’s counsel in this case insists is the proper one, be so held, the ruling would indeed make the demurrer justify its derivation — a matter for useless delajj. If it is indeed true that no demurrer could be heard even on fivé days’ notice unless it had been also on the general calendar for ten days before the sitting of the court, then it would result that any suit brought within those ten days, must of necessity, lie over without ability to hear the demurrer, however ridiculous and faulty the declaration may be, until that term shall have passed. That would be a most inconvenient practice, as it seems to us.
I think a very important consideration is presented by the court with reference to these rules under the decision made in 1875. It was conceded by the justice who delivered that opinion that it was not essential to the decision of the case. It was a mere obiter. In 1879, when the rules were revised, the court then explicitly provided that a demurrer might be heard on five days’ notice. That remained undisturbed until the new rules in 1886 were issued. Then the rule was changed so as to declare that cases involving issues of law should be placed on a separate calendar, to be called the law calendar, and should then be ready for hearing without notice at such time as may be appointed therefor by the justice. This again was changed in 1888, and the previous provision was re-established, that demurrers might be heard on motion after five days’ notice. .
These rules have thus thrice been considered by the full court in General Term after that decision. It must have been the opinion of the court that the decision in 2d Mac *195 Arthur was not law. We have now all consulted on this subject (those who sat in the case and those who did not), and we are of opinion that the decision just announced contained a just construction of the law.
Mr. Justice James :
The bar will observe that this ruling is in favor of the prompt dispatch of business.